NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAHID TADROS, individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CELLADON CORPORATION; et al.,<br><br>Defendants-Appellees. | No.   16-56904<br><br>D.C. No.<br>3:15-cv-01458-AJB-DHB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted August 28, 2018
Pasadena, California

Before:  BYBEE and WATFORD, Circuit Judges, and HERNANDEZ,** District Judge.

Wahid Tadros appeals the district court's order dismissing his class action securities fraud complaint for failure to adequately plead material misrepresentation or omission and scienter. We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

§ 1291. We review the district court's decision de novo. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1047 (9th Cir. 2011). We affirm.

1. **Material Misrepresentation or Omission.** Plaintiff alleges that defendants' statements touting the success of Mydicar were misleading because of flaws underlying both the study and sensitivity analysis. "[A] statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1109 (9th Cir. 2010); *see In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 877–78 (9th Cir. 2012). In this case, the alleged flaws underlying the study and the sensitivity analysis were disclosed by defendants in a publicly accessible journal article published years before Celladon went public. As this information was already part of the total mix of information available to investors, defendants' statements were not misleading. *Cf. Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 976 (9th Cir. 1999) ("Because Ford's tax strategy was part of the total mix of information reflected in the price of FHI Preferred Stock at the time Heliotrope purchased its shares, Heliotrope cannot prove that Ford's failure to disclose its tax strategy caused Heliotrope any loss.").

2. **Scienter.** Plaintiff alleges that—because of Zsebo's education and experience and Celladon's small size and reliance on Mydicar as its sole product

candidate—defendants knew about the alleged flaws underlying the clinical trial and had motive to misrepresent the results. To state a claim for securities fraud, plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). "Scienter can be established by intent, knowledge, or certain levels of recklessness." *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 702 (9th Cir. 2012). "[T]he ultimate question is whether the defendant knew his or her statements were false, or was consciously reckless as to their truth or falsity." *Id.* As the district court found, plaintiff has failed to allege specific facts demonstrating that defendants acted with the intent to manipulate the clinical trial or deceive the public. In addition, the purported weaknesses with the trial were disclosed by defendants, and there is nothing to suggest that Zsebo or her co-authors, who were prominent physicians, did not believe in the results of the study. Even viewing plaintiff's allegations holistically, the inference of scienter in this case is not as compelling as opposing inferences from the facts alleged. *See Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–24 (2007).

**AFFIRMED.**